UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NEAS LIMITED, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>OJSC RUSNANO, et al.,<br><br>　　　　Defendants. | Case No.  5:15-cv-01612-RMW<br><br>**ORDER REQUESTING BRIEFING REGARDING MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>Re: Dkt. No. 71 |

On January 12, 2016, plaintiffs filed a Motion for Relief from Non-Dispositive Pretrial Order of Magistrate Judge. Dkt. No. 71. Plaintiffs assert six objections to the magistrate judge's order denying plaintiffs' request to conduct jurisdictional discovery before plaintiffs are required to respond to defendants' pending motions to dismiss. Dkt. No. 70. The magistrate judge's order is reviewed pursuant to Fed. R. Civ. P. 72(a).[1]

It appears undisputed at this stage that the court can exercise personal jurisdiction over Rusnano USA. Accordingly, the court agrees with the magistrate judge's order that further discovery to establish jurisdiction over Rusnano USA is unnecessary.

With respect to the foreign defendants, the court requests briefing regarding the following

---

[1] "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

1

issues:

1. What basis for allowing jurisdictional discovery exists, if any, if the court considers the foreign defendants' contact not only with California, but also with the United States as a whole?

2. If the court were to exercise its discretion[2] and consider the declaration of Ilya Ponomarev, Dkt. No. 72-1, how, if at all, would the declaration support a basis for taking jurisdictional discovery?

3. What specific jurisdictional discovery would plaintiffs undertake in their proposed 60-day discovery period? The court finds that the proposed list of topics in Dkt. No. 59 at 8:3-14 is unreasonably broad. Plaintiffs' response should include the names of any potential deponents, if possible, a description of any documents to be produced, and proposed interrogatories limited to ascertaining specific dates and locations of events or actions allegedly giving rise to jurisdiction.

Plaintiffs shall file a brief addressing the questions above, not to exceed 8 pages, within 14 days of the date of this order. Defendants may file a brief in response, not to exceed 8 pages, within 14 days of service of plaintiffs' brief. Plaintiffs may file a reply, not exceeding 4 pages, within 7 days of service of defendants' brief.

**IT IS SO ORDERED.**

Dated: January 28, 2016

*Ronald M. Whyte*

Ronald M. Whyte
United States District Judge

---

[2] This court finds that the magistrate judge did not err in refusing to consider the Ponomarev declaration, which plaintiffs initially filed weeks after filing their reply in support of their request for jurisdictional discovery. Plaintiffs' tardy filing violated Civ. L.R. 7-3(d). *See* Dkt. Nos. 66, 69. However, a district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's order. *United States v. Howell*, 231 F.3d 615, 621-22 (9th Cir. 2000).

2
5:15-cv-01612-RMW
ORDER REQUESTING BRIEFING RE: MOT. FOR RELIEF FROM ORDER OF MAGISTRATE JUDGE
RS